George SQUILLACOTE, Regional Director of the Thirtieth Region of National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

GRAPHIC ARTS INTERNATIONAL UNION (GAIU) LOCAL #277 and Graph Arts International Union, AFL-CIO, Respondents.

No. 74-C-295.

United States District Court,
E. D. Wisconsin.

Aug. 13, 1974.

George Strick, Milwaukee, Wis., for petitioner.

Shneidman & Myers by Daniel L. Shneidman, Milwaukee, Wis., for respondents.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The regional director of the National Labor Relations Board has petitioned for injunctive relief pursuant to § 10(*l*) of the National Labor Relations Act, 29 U.S.C. § 160(*l*). The respondents are charged with engaging in secondary boycott activity violative of §§ 8(b)(4)(i) and (ii)(B) of the act.

For approximately six years, Kable Printing Company has had a business relationship with Oklahoma Tire & Supply Co.; with few exceptions, during that period Kable has done all of the preparatory work for as well as the printing, binding and mailing of Oklahoma Tire's retail catalogs; the "prices include roto processing from camera ready copy."

On May 10, 1974, the lithographers and photoengravers represented by Local 91-P, Graphic Arts International Union, who perform the preparatory work for Kable, went on strike. That strike still continues. However, Kable's printing, binding and mailing operations have not been affected by the strike.

On June 19, 1974, Oklahoma Tire contracted with S & M Rotogravure Service, Inc. to perform the preparatory work. Prior to July, 1974, S & M had never performed work for, or had a business relationship with, Oklahoma Tire.

The petitioner claims that since July 8, 1974, agents of Local 277, which represents the lithographers and photoengravers employed by S & M, have threatened S & M with labor problems and economic consequences if S & M con-

tinues to work on the Oklahoma Tire order; the respondents regard the latter as "struck work."

The alleged conduct of the Local 277 agents and the alleged refusal by its member employees to perform the claimed struck work are said to constitute illicit secondary boycott activity.

The petitioner acknowledges that, but for the strike against Kable by Local 91–P, Kable would have performed the preparatory work which Oklahoma Tire has provided to S & M. Nevertheless, the petitioner asserts that the work in question does not come within the "struck work" or "economic ally" theories because there exists no evidence of any economic or corporate relationship between Kable and S & M.

The regional director also points out that there is no evidence of Kable's having surreptitiously arranged for S & M's entering into this picture. While it has not been demonstrated that the business arrangement between Oklahoma Tire and S & M involved any participation by Kable, it appears that once S & M has performed the alleged "struck work", the work product will be sent to Kable for purposes of accomplishing the printing, binding and mailing operations. S & M's role is therefore critical if Kable is to salvage the remainder of its contract with Oklahoma Tire.

If the Local 277 member employees are able to perform the claimed "struck work" for S & M, this may permit Kable effectively to nullify much of the impact of the economic strike currently engaged in by the Local 91–P member employees. Under these circumstances, it is fair to describe S & M's role as that of an "ally" of Kable.

It is not the function of this court at this time to decide whether the work in question constitutes "struck work". However, I believe that the likelihood that the respondent's position in this regard will prevail is a factor which should be considered in determining whether the petitioner has borne his burden, in the context of this § 10(*l*)

injunction application, of establishing that there exists "reasonable cause to believe . . . [that Kable's secondary boycott] charge is true. . . ."

Local 277's alleged conduct may well be "designed to disrupt the operations of S & M and other persons," as the petitioner contends. However, there exists no reasonable cause to believe that such activity constitutes a "secondary boycott." Indeed, a reading of § 24.1 of the collective bargaining agreement between Local 277 and S & M, when viewed in the context of Local 277's challenged conduct, indicates that what is involved here is an internal contractual dispute. Section 24.1 reads in pertinent part:

> "The employer agrees that it will not render production assistance to any employer, any of whose plants is struck by any local of the GAIU or by the International . . . by requiring the employees covered by this agreement to handle any work farmed out directly or indirectly by such employer, other than work where the employer herein customarily has performed for the employer involved in such strike or lockout."

Moreover, Local 277 has not only suggested to S & M that the "struck work" issue be resolved by the grievance arbitration procedures set forth in their collective bargaining agreement, but has also filed an action to compel such arbitration.

In sum, I conclude that there exists a substantial enough relationship between S & M and Kable (economic and otherwise) to warrant the conclusion that the ally exception to the secondary boycott proscription is applicable. Furthermore, the timing, conduct and relative position of the actors in this scenario all suggest that what is involved here is a legitimate contractual dispute as between Local 277 and S & M, and that to characterize the effect of the challenged conduct upon Kable as a secondary boycott is without merit.

Having determined that there exists no reasonable cause to believe that Ka-

ble's secondary boycott charge is true, it is not necessary for me to consider the merits of the respondents' claim, raised in a motion to dismiss, that one of the respondents, Graphic Arts International Union, AFL–CIO, has not been properly served with process in this proceeding.

Therefore, it is ordered that the petition for the issuance of an injunction pursuant to § 10(*l*), National Labor Relations Act, as amended, 29 U.S.C. § 160(*l*), be and hereby is denied.